UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THEODIS E. PRENTICE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 2:06-CV-421 TS |
| ) | |
| CAREN JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Theodis E. Prentice, a *pro se* prisoner, submitted an amended complaint under 42 U.S.C. § 1983 and a petition to proceed in forma pauperis. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

**A.     Claim Against the Warden**

In his amended complaint, Mr. Prentice asserts that while he was a pretrial detainee in the Lake County Jail, the Warden made him sleep on the concrete floor for seventeen days, which injured his back and caused headaches. He contends that this constituted cruel and unusual punishment.

Although the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes (the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause), "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971).

Here, Mr. Prentice has alleged that the Warden, Caren Jones, made him sleep on the concrete floor for seventeen days because there was not enough space for people coming into the jail. Based upon Mr. Prentice's allegations, it is reasonable to infer that Warden Jones made Mr. Prentice sleep on the floor without a mat. Giving Mr. Prentice all reasonable inferences to which he is entitled at this stage of the proceedings, Mr. Prentice has stated a claim under § 1983 for the deprivation of a federal right. Mr. Prentice may proceed against Warden Caren Jones in her individual capacity for monetary damages on his claim that he was forced to sleep on the concrete floor.

**B.     Claim Against the Lake County Sheriff**

Mr. Prentice also named Rogelio Roy Dominguez as a Defendant. Although Mr. Prentice has listed Mr. Dominguez as a warden, Mr. Dominguez is the Sheriff of Lake County. Mr. Prentice has also listed the Lake County Sheriff as a defendant in this case. Pursuant to FED. R. EVID. 201, judicial notice of adjudicative facts may be taken at any time, whether requested or not, of a fact that is not subject to reasonable dispute because it is generally known within the territorial jurisdiction of the trial court. Here, the fact that Mr. Dominguez is the Lake County Sheriff is generally known within the territorial jurisdiction of the court and the court will take judicial notice of such fact.

Mr. Prentice has not asserted any individual claims against Sheriff Dominguez Rather, the allegations in the amended complaint center on the acts of the warden only. (Amd. Compl. at 3) ("I am suing the Warden of Lake County Jail for having people . . . come into the Jail and sleep on the floor."). Mr. Prentice has not alleged, nor would it be reasonable to infer, that Sheriff Dominguez was involved in making him sleep on the floor.

3

Furthermore, the Lake County Sheriff cannot be liable simply because he supervises the warden. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (emphasizing that for a supervisor to be liable for the conduct of subordinates, the supervisor must be personally involved in that conduct). Therefore, the Court dismisses the § 1983 claim against Sheriff Dominguez.

C.   **Claim Against the Lake County Jail**

Finally, Mr. Prentice names the Lake County Jail as a defendant. A jail is a building; it is not a "person" under § 1983 or a suable entity. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Lake County Jail is dismissed.

D.   **Petition to Proceed *In Forma Pauperis***

Mr. Prentice's submissions in support of his petition to proceed *in forma pauperis* establish that the average monthly deposits to his prisoner trust account during the prior six months were less than $10.00. As a result, the Court grants Mr. Prentice's petition to proceed *in forma pauperis* and waives the initial partial fee. Mr. Prentice shall pay to pay to the clerk of this court 20% of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full.

**ORDER**

For the aforementioned reasons, the Court:

(1)   **GRANTS** Theodis E. Prentice leave to proceed *in forma pauperis* [DE 2];

(2)   **WAIVES** the initial partial filing fee;

(3) **ORDERS** the Plaintiff, **Thomas E. Prentice,** to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20% of the money he receives for each calendar month during which he receives $10.00 or more, until the $350.00 filing fee is paid in full;

(4) **GRANTS** Theodis E. Prentice leave to proceed against Caren Jones in her individual capacity for monetary damages, on his claim that he was forced to sleep on the concrete floor in violation of his federal rights;

(5) **DISMISSES** the Lake County Jail and Lake County Sheriff Rogelio Roy Dominguez;

(6) **DIRECTS** the clerk to ensure that a copy of this order is served on Caren Jones along with the summons and complaint;

(7) **DIRECTS** the United States Marshal Service to effect service of process on Caren Jones;

(8) **ORDERS,** pursuant to 42 U.S.C. § 1997e(g)(2), that Caren Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(9) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to the facility where the Plaintiff is currently housed.

SO ORDERED on April 16, 2007.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION