UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| THEODIS E. PRENTICE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-421-TS |
| | ) | |
| CAREN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 36] filed by Defendant Lake County Jail Warden Caren Jones. Previously, the Court granted *pro se* Plaintiff Theodis E. Prentice leave to proceed against the Defendant on his Eighth Amendment claim that the Defendant made him sleep on the concrete floor in the jail for seventeen days, causing back injuries and headaches. [Opinion and Order, DE 11 at 2-3, 5]. The Defendant contends that she is entitled to summary judgment because the Plaintiff did not exhaust his administrative remedies before he initiated this lawsuit. She also asserts that the Court should grant her judgment under the qualified immunity doctrine and/or because the Plaintiff cannot show that the Defendant violated any of the Plaintiff's constitutional rights. The Plaintiff filed a Response to Defendant's Motion for Summary Judgment [DE 42], challenging the Defendant's assertion that he had not exhausted his administrative remedies.

**BACKGROUND**

In support of summary judgment, the Defendant relies substantially upon the affidavit of Ginny Ratjczak, a jail employee who served as the Defendant's assistant with responsibility for supervision of the jail's daily operations. These duties included oversight of the procedures

involved in booking and intake, medical services to jail inmates, housing, and grievances. Grievances were processed using the procedures set forth in the February 24, 1999, version of the jail's Inmate Handbook. (Affidavit of Ginny Ratajczak ¶¶ 3–6, Exhibit # 4, DE 38-4 at 1–2). The Defendant also provided a copy of the Handbook [Inmate Handbook, Exhibit # 1-Part I, DE 38-2 and Exhibit # 1-Part II, DE 38-3), which she attests was distributed to the Plaintiff at his booking into the jail. (Ratajczak Aff. ¶ 8, DE 38-4 at –2).

Records of all grievances and grievance appeals are kept in accordance with the Handbook. During the time the Plaintiff was housed in the jail, between July 25, 2006, and April 5, 2007, the jail had a grievance procedure in effect. (Handbook, DE 38-4 at 2, 3-4 ,¶14A-B). Efforts to resolve a complaint are initially informal and unwritten. If such measures are not successful, the Floor Supervisor supplies the forms necessary to start the formal procedure, which has four steps. An appeal to the Sheriff is the final step in the formal grievance process. (Handbook, DE 38-4 at 2, 3-4, ¶14A-B). Copies of grievances filed with the Deputy Warden are kept in the prisoner's "permanent jail and/or grievance record." After her staff's "diligent and thorough search of all inmate jail records and grievance records," Ratajczak concluded that

> Theodis Prentice did not file any grievance with the Deputy Warden on any matter and never filed an appeal of any grievance with the Warden or Sheriff pursuant to the inmate grievance procedure of the Lake County Jail Handbook, Revised 2-24-99.

(Ratajcack Aff., DE 38-4 at 2, 3–4 ,¶14A–B).

In his Amended Complaint, the Plaintiff acknowledges that the jail has a grievance policy, but implies that it is ineffectual. He says:

> Grievance don't get acknowledgment in this jail. They get trased [*sic*] aside somewhere and you never hear from them period. And what I am asking for they don't pay you one million dollars what I feel I merit for my pain and physical hurt

2

back and head.

[Am. Compl., DE 8 at 2]. In his Response to the Defendant's Motion for Summary Judgment, the Plaintiff contends that he "has exhausted with the Lake County's antiquated alleged grievance process as required by 42 U.S.C. 1997(e)(a)" (Pl.'s Resp. 2, DE 42 ), but he does not designate any evidence in support of this assertion. The Plaintiff claims that if summary judgment were denied, he "could produce essential non-party witnesses also incarcerated at the time that would attest [to] the lack of existence of such procedure." (Pl.'s Resp. 3.) Finally, the Plaintiff contends that the Defendant did not produce evidence of his signature acknowledging he knew of his grievance rights. (*Id.*)

## SUMMARY JUDGMENT STANDARDS

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50 (1986); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). To determine whether any

genuine issue of fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c), Advisory Committee Notes, 1963 Amendments. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex*, 477 U.S. at 323. In response, the nonmoving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598–99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, the court must construe all facts in a light most favorable to the nonmoving party as well as view all reasonable inferences in that party's favor. *See Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000). The court must consider the evidence as a jury might, "construing the record in the light most favorable to the nonmovant and avoiding the temptation to decide which party's version of the facts is more likely true." *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1009 (7th Cir. 1999); *see also Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (noting often stated proposition that "summary judgment cannot be used to resolve swearing contests between litigants"). The court may not grant summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836–37 (7th Cir. 2001).

  Pursuant to local rule, the Court is to assume that the facts claimed by the moving party and supported by admissible evidence are admitted to exist without controversy, except to the

4

extent such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion and supported by admissible evidence. N.D. Ind. L.R. 56.1(b).

> The factual statement required by Local Rule 56.1 is not a mere formality. It follows from the obligation imposed by Rule 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial, and it substantially facilitates this Court's task in deciding whether a trial is indeed necessary.

*Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 924 (7th Cir. 1994). In a Notice [DE 39], filed on February 10, 2009, the Court advised the Plaintiff of his obligation to respond to the Motion for Summary Judgment, and of the Rule 56 procedures and standards, including a warning that any factual assertions in the Defendant's affidavit submitted in support of summary judgment would be accepted by the Court as being true unless he submitted his own affidavits or other documentary evidence contradicting the assertion.

## DISCUSSION

The Prison Litigation Reform Act, in pertinent part, provides:

> No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion is an affirmative defense, and consequently the defendant bears the burden of proof. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). To exhaust administrative remedies, a prisoner must comply with all steps that the jail's grievance system prescribes. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Kaba v. Stepp*, 458 F.3d 678, 683–84 (7th Cir. 2006). The Seventh Circuit takes a strict compliance approach to exhaustion. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file

complaints and appeals in the place, and at the time, the prison's administrative rules require."). "Exhaustion is required even if the prisoner believes his efforts in securing relief will be futile or if the administrative authority has no power to grant the requested relief." *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008) (citations omitted). However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba*, 458 F.3d at 684.

By arguing that the jail does not acknowledge or respond to grievances, the Plaintiff appears to be claiming that the jail's grievance mechanism was not actually available to him. Administrative remedies become "unavailable" if "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809–10; *see also Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

Although the Plaintiff claims that administrative remedies were not available, he has not produced any evidence to support this claim. The Plaintiff does not support the statements in his brief opposing summary judgment with any declarations under penalty of perjury, affidavits, or other admissible evidence. He does not show he filed a grievance that received no response, or that anyone stymied his efforts to file a grievance in some way, for example, by not providing the necessary forms. On the other hand, the Defendant has designated evidence that the Plaintiff received a copy of the handbook outlining the jail's grievance process, and that he did not file any grievance through the recognized channels. The Plaintiff's bald assertions are not sufficient to place the issue in dispute for purposes of summary judgment.

Because the Plaintiff did not supply any evidence to rebut the Defendant's showing that

the Plaintiff did not give the jail's an opportunity to resolve his complaint through an available grievance process, she has carried her burden to demonstrate no material question of fact exists regarding exhaustion of administrative remedies in compliance with 42 U.S.C. § 1997e(a). By foregoing the grievance process regarding his Eighth Amendment, the Plaintiff has forfeited his right to pursue his Eighth Amendment claim in federal court. "[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited." *Kaba*, 458 F.3d at 684. Accordingly, it is not necessary for the Court to address the Defendant's other asserted grounds for judgment as a matter of law.

Therefore, the Court:

(1) **GRANTS** the Motion for Summary Judgment [DE 36]; and

(2) **DIRECTS** the Clerk to enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on July 2, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION